United States District Court
Southern District of Texas
**ENTERED**
September 29, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

**COURTNEY MORGAN, DRIVE THRU DOC, PLLC, and HOP MEDICAL SERVICES, M.D.P.A.,**

**Plaintiffs,**

**v.**

**SCOTT FRESHOUR, in his official capacity as Interim Director of the Texas Medical Board, MARY CHAPMAN, in her individual capacity; and JOHN KAPACZ, in his individual capacity,**

**Defendants.**

§ **Civil Action No. 6:17-cv-00004**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Courtney Morgan's Motion for Leave to File Plaintiff's Third Amended Complaint ("Motion"). (Dkt. No. 98). After reviewing the Motion, the Responses, the Replies, the record, and the applicable law, the Court **GRANTS** the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the arrest of Courtney Morgan and the search of his medical facilities, Hop Medical Services, M.D.P.A. ("Hop Medical") and Drive Thru Doc, PLLC ("Drive Thru") in 2013 under an administrative *instanter* subpoena. (Dkt. No. 63 at ¶¶ 9–16, 20–24, 84). The search was authorized by the Texas Medical Board ("Medical Board") and led by one of its agents, Mary Chapman, who, in serving the subpoena, received

assistance from John Kopacz, a law enforcement officer with the Texas Department of Public Safety. (*Id.* at ¶¶ 5, 16, 27).

After seizing several documents from Morgan's facilities, some of which were listed in the subpoena and some of which were not, Chapman and another Medical Board agent compiled an investigative report. (*Id.* at ¶¶ 34, 45). Morgan alleges that Chapman deliberately falsified information in this report. (*Id.* at ¶¶ 66–70). After receiving the documents seized and the investigative report, the State of Texas indicted Morgan for violating Section 162.152 of the Texas Occupations Code (Non-certification of a Pain Management Clinic). (*Id.* at ¶ 49). Morgan was arrested and prosecuted in Texas state court. (*Id.* at ¶ 50). Morgan moved to suppress the evidence seized from his facilities. (*Id.* at ¶ 51). The Texas state court granted the motion to suppress and made findings that were critical of the Medical Board's search of Morgan's facilities and Chapman's testimony. (*Id.* at ¶¶ 57–59).

With this evidence suppressed, the prosecutors filed a motion to dismiss the charge due to insufficient evidence. (*Id.* at ¶ 61). The Texas state court granted the prosecution's motion and dismissed the charge against Morgan.[1] (*Id.* at ¶ 62).

One year later, Morgan initiated this case by filing an eleven-count Complaint. (Dkt. No. 1). The Original Complaint listed three plaintiffs—Morgan, Drive Thru, and Hop Medical—and three Defendants—Scott Freshour,[2] Chapman, and Kopacz. (*Id.* at

[1] The factual background is based on the allegations contained in the Second Amended Complaint, which is currently the operative complaint. (Dkt. No. 62); (Dkt. No. 63).

[2] At the time Morgan initiated this action, Scott Freshour was the interim executive director of the Medical Board. (Dkt. No. 1 at ¶ 7).

¶¶ 4–10). In the Original Complaint, the Plaintiffs alleged that the Defendants violated their Fourth Amendment right to be free from unreasonable searches and seizures. (*Id.* at ¶¶ 70–134). They also alleged under two separate counts that Kopacz is liable to Morgan for malicious prosecution. (*Id.* at ¶¶ 43–69). The three Defendants moved to dismiss the Original Complaint. (Dkt. No. 33); (Dkt. No. 35).

In response, Morgan filed his First Amended Complaint. (Dkt. No. 39). In the First Amended Complaint, Drive Thru and Hop Medical removed themselves as Plaintiffs and Morgan removed Freshour as a Defendant. (*Id.* ¶¶ 4–7). Morgan brought just two counts in his First Amended Complaint, as compared to the eleven counts in his Original Complaint. *Compare* (*Id.* at ¶¶ 54–95) *with* (Dkt. No. 1 at ¶¶ 43–134). In these two counts, Morgan alleged that Kopacz and Chapman are liable to him under 42 U.S.C. § 1983 for malicious prosecution. (Dkt. No. 39 at ¶¶ 54–95).

Kopacz and Chapman moved to dismiss Morgan's First Amended Complaint. (Dkt. No. 40); (Dkt. No. 42). Morgan opposed dismissal and subsequently moved for leave to amend. (Dkt. No. 44); (Dkt. No. 45); (Dkt. No. 61). The district court granted Morgan's motion for leave, (Dkt. No. 62), and Morgan filed his Second Amended Complaint. (Dkt. No. 63).

In his Second Amended Complaint, Morgan retains the two counts for malicious prosecution and adds a third count alleging that Chapman is liable to him under 42 U.S.C. § 1983 for abuse of process. (*Id.* at ¶¶ 71–121). Kopacz and Chapman moved to dismiss the Second Amended Complaint, which Morgan opposed. (Dkt. No. 64); (Dkt. No. 65); (Dkt. No. 66); (Dkt. No. 68). The Court denied these motions concluding that Morgan

articulated plausible claims for malicious prosecution and abuse of process and that the claims were not barred by absolute prosecutorial immunity or qualified immunity. (Dkt. No. 75 at 8–9). Kopacz and Morgan appealed this decision to the Fifth Circuit. (Dkt. No. 78).

The Fifth Circuit reversed the district court's denial of Kopacz and Morgan's motions to dismiss. *Morgan v. Chapman*, 969 F.3d 238, 241 (5th Cir. 2020). In its opinion, the Fifth Circuit agreed with the district court's finding regarding absolute prosecutorial immunity, *id.* at 244, but disagreed with respect to qualified immunity because "malicious prosecution and abuse of process are not viable theories of constitutional injury." *Id.* at 241. Accordingly, the Fifth Circuit vacated the judgment. *Id.* at 251.

Notably, the Fifth Circuit, also concluded that "[i]t *would not be futile* on the merits for Morgan to pursue an unreasonable search, unreasonable seizure, or due process claim." *Id.* at 250 (emphasis added). The court then "remand[ed] for the district court to consider amendment and, if necessary, issues of waiver and forfeiture." *Id.*

Following the Fifth Circuit's decision, Morgan moved for leave to amend his Second Amended Complaint and attached a five-count Proposed Third Amended Complaint ("Proposed Complaint"). (Dkt. No. 98); (Dkt. No. 98-1). In his Proposed Complaint, Morgan removed the malicious prosecution and abuse of process claims. (Dkt. No. 98-1). He replaced those claims with unreasonable search, unreasonable seizure, and due process claims—claims the Fifth Circuit found not to be futile. (*Id.* at ¶¶ 74–138). In Counts One and Three of his Proposed Complaint, Morgan seeks to allege that Kopacz and Chapman are liable to him under 42 U.S.C. § 1983 for violating his Fourth

Amendment right to be free from unreasonable searches. (*Id.* ¶¶ 74–82, 96–110). In Counts Two and Four, Morgan seeks to allege that Kopacz and Chapman are liable to him under Section 1983 for violating his Fourth Amendment right to be free from unreasonable seizures. (*Id.* ¶¶ 83–95, 111–23). Morgan states that each of these claims is analogous to the malicious prosecution claims alleged in his Second Amended Complaint.[3] (*Id.* at 17, 23). Finally, in Count Five, Morgan seeks to allege that Chapman is liable to him under Section 1983 for violating his Fourteenth Amendment due process rights. (*Id.* ¶¶ 124–38). Kopacz and Chapman oppose Morgan's motion for leave to amend for a third time, for the reasons set forth in their separate Responses. (Dkt. Nos. 101, 102). Morgan filed Replies to each. (Dkt. No. 105); (Dkt. No. 106).

---

[3] To the extent Morgan proposes claims that Kopacz and Chapman violated his right to be free from unreasonable searches and seizures under Article 1, Section 9 of the Texas Constitution, these claims would futile because there are no causes of action for money damages for violations of the Texas Constitution. *See, e.g.*, *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995) ("We hold there is no implied private right of action for damages arising under the free speech and free assembly sections of the Texas Constitution."); *Cathcart v. Jones*, No. 05-18-01175-CV, 2020 WL 2214105, at *5 (Tex. App.—Dallas May 7, 2020, no pet.) (recognizing that Texas law does not recognize state-based constitutional claims); *City of El Paso v. Tom Brown Ministries*, 505 S.W.3d 124, 134 n.10 (Tex. App.—El Paso 2016, no pet.) ("[T]here is no private right of action for damages arising from alleged violations of the Texas Constitution." (citing *Bouillion*, 896 S.W.2d at 149)). The Fifth Circuit, in its *Morgan* decision, did not address whether claims brought under the Texas Constitution are futile. *See Morgan*, 969 F.3d at 248–50.

In his Proposed Complaint, Morgan does not allege violations of the Texas Constitution under separate counts but rather includes such allegations within Counts One and Three. (Dkt. 98-1 at ¶¶ 78–79, 102–03, 105–06). To the extent Morgan intends to assert claims for violations of the Texas Constitution in his Proposed Complaint, the Court finds that these claims are futile and **DENIES** Morgan leave to amend to include them in a Third Amended Complaint.

## II. DISCUSSION

### A. WAIVER AND FORFEITURE OF FOURTH AMENDMENT CLAIMS

The Court first addresses Chapman's argument that Morgan waived or, in the alternative, forfeited the Fourth Amendment unreasonable search and seizure claims raised in his Proposed Complaint. Chapman does not direct this Court to any legal authority to support her assertion.[4] (Dkt. No. 102 at 2–3). Instead, Chapman points to statements made by Morgan and the district court to support her waiver argument.[5] (*Id.* at 2). In support of her forfeiture argument, Chapman points out that Morgan, in his First and Second Amended Complaints, did not include the Fourth Amendment unreasonable search and seizure claims contained in his Original Complaint. (*Id.* at 2–3). Morgan counters that the Court should not find that he waived or forfeited his Fourth Amendment claims because, in amending, he was merely altering his legal theories and

[4] Although Chapman does not provide any legal authority concerning waiver or forfeiture, the Supreme Court and the Fifth Circuit have defined both terms, noting that they have different meanings. *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'"); *United States v. Zuniga*, 860 F.3d 276, 284 n.9 (5th Cir. 2017) (same).

[5] With respect to her waiver argument, Chapman states, in relevant part:

> In response to Chapman's motion to dismiss the Second Amended Complaint . . . the operative complaint, Morgan observed that he 'made claims for §1983 malicious prosecution . . . grounded in a Fourth Amendment violation, with allegations of the deprivation of [his] Fourth Amendment U.S. constitutional rights,' and he specifically conceded that he 'did *not* make a separate independent claim for unreasonable search and seizure. . . .' The district court recognized that change in strategy, observing that Morgan's operative complaint alleged only 'two causes of action — malicious prosecution and abuse of process.'

(Dkt. No. 102 at 2) (citations omitted).

relied on the same allegations of Kopacz and Chapman's improper conduct to support these theories. (Dkt. No. 106 at 1–2). The Court agrees with Morgan.

The Fifth Circuit has stated that in determining whether to grant leave to amend, the Court assesses "whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). "Amendments that fall into the former category generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities." *Id.* "Amendments that fall into the latter category, however, may be denied if the circumstances warrant." *Id.* Courts in the Southern District of Texas have generally allowed a plaintiff to amend his complaint to adjust his legal theory as long as he relies on the same underlying facts to support the new theory. *See, e.g.*, *McCarty v. Bigge Crane & Rigging Co.*, No. 5:16-CV-268, 2017 WL 10153538, at *2 (S.D. Tex. June 9, 2017) (granting leave to amend when the defendant conceded "the proposed amendment adds nothing to the facts pleaded in the original complaint, but rather merely places different labels on the same conduct" (cleaned up)); *Garza v. Nationstar Mortg., LLC*, No. 7:14-CV-48, 2014 WL 12599350, at *5 (S.D. Tex. Apr. 22, 2014) (granting leave to amend because the amendment sets forth "an alternative legal theory based on the existing facts" but denying leave to amend with respect to an "amendment [that] would not rely upon the same underlying facts"); *Rangel v. Gonzalez Mascorro*, No. 5:10-cv-104, 2011 WL 13353220, at *1–2 (S.D. Tex. Aug. 19, 2011) (granting leave to amend to "add causes of action for gross negligence and negligence *per se*"

because "the contested claims and defenses do not fundamentally alter the nature of the case, but rather, merely propose a legal theory for recovery on the same underlying facts"); *Valdez v. Capital Mgmt. Servs., LP*, No. 1:09-CV-246, 2010 WL 11665010, at *4 (S.D. Tex. Aug. 20, 2010) (granting leave to amend when "[t]he facts underlying [the] amendment were provided to the defendants in the first amended complaint; [the amendment] arises out of the same events that gave rise to this lawsuit; and it merely adds an alternative statutory theory for recovery" and "the added allegations are not based upon previously unknown factual assertions").

Chapman mischaracterizes Morgan's amendments, classifying them as *novel claims* based on *new facts* when, in reality, they are merely *new legal theories* predicated on the *same factual allegations* made in the prior Complaint. Moreover, she does not contend that Morgan's Fourth Amendment claims in his Proposed Complaint are predicated on different allegations than the claims raised in prior versions of the Complaint. (Dkt. No. 102). Nor does she argue that the allegations in the Proposed Complaint are insufficient to support a plausible claim for relief. (*Id.*). Instead, she asserts that Morgan should not be allowed to bring these claims in a Third Amended Complaint because, in his First and Second Amended Complaints, he did not include the Fourth Amendment claims contained in his Original Complaint. (*Id.* at 2–3).

Morgan notes, however, that in his First Amended Complaint, he merely "streamlin[ed] his claims" by reducing the number of claims from eleven in the Original Complaint to two in the First Amended Complaint. (Dkt. No. 98 at 1). He removed the freestanding Fourth Amendment claims raised in his Original Complaint, but his

remaining malicious prosecution claims in the First Amended Complaint were predicated on the *same* allegations that Chapman and Kopacz had violated his Fourth Amendment rights. (Dkt. No. 1); (Dkt. No. 39). Now, in response to the Fifth Circuit's decision in *Morgan*, he has again altered his legal theories. (Dkt. No. 98-1). Morgan replaced his malicious prosecution and abuse of process theories with, in part,[6] a Fourth Amendment theory but, critically, relies on the *same* factual allegations that Kopacz and Chapman violated his Fourth Amendment rights to support his new theory. (*Id.*).

Accordingly, the Court finds that Morgan, in his Proposed Complaint, does not allege claims involving Fourth Amendment violations that were previously waived or forfeited. Rather, he sets forth *new legal theories* based on the *same* allegations of Fourth Amendment violations contained in the Operative Complaint. With this issue resolved, the Court now turns to whether it is appropriate to grant Morgan leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure.

### B. WHETHER TO GRANT LEAVE TO AMEND

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) ("Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." (quotations omitted)). "Rule 15(a) evinces a bias in favor of granting leave to

---

[6] In the Proposed Complaint, Morgan also alleges that Chapman violated his Fourteenth Amendment right to due process under Count Five. (Dkt. No. 98-1 at ¶¶ 124–38). This legal theory was not set forth in the Operative Complaint. (Dkt. No. 63).

amend." *Life Partners Creditors' Trust v. Cowley*, 926 F.3d 103, 125 (5th Cir. 2019) (quotations omitted). "A district court should examine . . . five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (quotations omitted). "Absent any of these factors, the leave sought should be 'freely given.'" *Smith*, 393 F.3d at 595 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Indeed, "[a] district court must possess a substantial reason to deny a request for leave to amend." *Id.* (quotation omitted). "However, decisions concerning motions to amend are entrusted to the sound discretion of the district court." *Id.* (quotation omitted).

**1. Futility**

The main source of contention between the Parties is whether the Proposed Complaint sets forth futile claims. The Court addresses this factor first.

"Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 379 (5th Cir. 2014). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* Thus, in determining futility, a court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)," namely, "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (quotations omitted).

Kopacz and Chapman argue that Morgan's Fourth and Fourteenth Amendment claims are futile. (Dkt. No. 101 at 2–4); (Dkt. No. 102 at 1, 3–9). They essentially assert that, although the Fifth Circuit discussed futility, it remanded to this Court to weigh *all* factors for determining whether granting leave to amend is appropriate, including whether these claims are futile. (*Id.*). The Court disagrees with this reading of *Morgan*, as the Fifth Circuit's manifest position was that if Morgan added a due process, unreasonable search, or unreasonable seizure claim, it would not be futile. *Morgan*, 969 F.3d at 248, 250 ("Accordingly, *we consider* whether it would be futile for Morgan to add a due process, unreasonable search, or unreasonable seizure claim," and "[i]t would not be futile on the merits for Morgan to pursue [such] claim[s]." (emphasis added)). The Fifth Circuit notably did not "discuss the other factors, which the *district court is better positioned to address*." *Id*. at 248 n.6. (emphasis added). The Fifth Circuit remanded the case to this Court to decide on the remaining factors *after* concluding that potential Fourth Amendment unreasonable search and seizure and Fourteenth Amendment due process claims were not futile. *Id.* at 241, 250.

In his Proposed Complaint, Morgan seeks to bring these very claims.[7] In light of the Fifth Circuit's decision, the Court finds that it is not futile to grant leave to amend for

---

[7] Kopacz and Chapman argue that this Court should deny leave to amend because Morgan's Fourth and Fourteenth Amendment claims are barred by the statute of limitations. (Dkt. No. 101 at 2–3; Dkt. No. 102 at 3–6). Chapman also asserts that she is entitled to qualified immunity. (Dkt. No. 102 at 6–9). It is true that the Fifth Circuit has considered statute of limitations and qualified immunity defenses when analyzing whether granting leave to amend would be futile. *See Winzer v. Kaufman County,* 916 F.3d 464, 471 (5th Cir. 2019) ("The district court did not abuse its discretion in denying leave to amend because those claims were futile as barred by the statute of limitations."); *Tuft v. Texas*, 544 F. App'x 488, 490 (5th Cir. 2013) (per

(continue)

Morgan to bring unreasonable search and seizure claims under the Fourth Amendment against Kopacz and Chapman and a due process claim under the Fourteenth Amendment against Chapman.[8]

**2. Other Factors**

The Court next addresses the other factors for determining whether granting leave to amend is appropriate. These factors are: whether allowing the amendment would cause undue delay, whether Morgan is seeking to amend in bad faith or has repeatedly failed to cure deficiencies by previous amendments, and whether granting leave to amend would result in undue prejudice to Kopacz and Chapman. *See SGK Properties, L.L.C.*, 881 F.3d at 944. The Court finds these factors weigh in favor of granting leave to amend.

---

curiam) ("Tuft's proposed amendment would be futile in light of the qualified immunity analysis above."). Here, however, the Fifth Circuit in *Morgan* has already concluded that unreasonable search and seizure claims brought under the Fourth Amendment, and violations of due process in under the Fourteenth Amendment, are not futile for purposes of determining whether to grant leave to amend. *See Morgan*, 969 F.3d at 248–50. That is not to say, of course, that Kopacz and Chapman cannot raise these defenses once Morgan's third amended complaint is filed.

[8] The Court is mindful that "the law of the case doctrine posits that ordinarily an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on subsequent appeal." *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004) (quotations omitted). "The proscription covers issues [a higher court has] decided expressly and by necessary implication . . . reflecting the sound policy that when an issue is once litigated and decided, that should be the end of the matter." *Id.* (citation and quotations omitted).

The Court is also mindful that, "[u]nder the mandate rule, a district court must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *In re Abbott*, 956 F.3d 696, 710 (5th Cir. 2020) (quotations omitted). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Lee*, 358 F.3d at 321 (quotations omitted). "In implementing the [Fifth Circuit's] mandate, the district court must take into account the appellate court's opinion and the circumstances it embraces." *Id.* (quotations omitted).

a. Undue Delay

The Court first considers whether granting Morgan leave to amend following the Fifth Circuit's decision in *Morgan* would create undue delay. Chapman urges this Court to find that permitting leave to amend for a third time "would cause undue delay because of Morgan's repeated failures to cure previous amendments" and the amendments he proposes are futile. (Dkt. No. 102 at 1). Kopacz adds that granting leave to amend "would cause more delay in giving [him] finality." (Dkt. No. 101 at 4). The Court finds these arguments unpersuasive.

"[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be undue, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux*, 376 F.3d at 427. A court may find undue delay if the plaintiff fails to request leave to amend until a late stage in the litigation, even though the plaintiff should have known to request leave to amend earlier. By way of example, the Fifth Circuit has concluded a district court did not abuse its discretion in denying leave to amend after finding that granting leave would cause undue delay because the plaintiff was seeking to amend his complaint at a late stage in the litigation or was aware of potential deficiencies in his complaint but delayed in attempting to correct them. *See, e.g.*, *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 837 (5th Cir. 1992); *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990).

The circumstances for finding undue delay do not exist in this case. Before Morgan moved to amend for a third time, the district court denied dismissal of Morgan's Second Amended Complaint and had denied as moot all prior Motions to Dismiss. (Dkt. No. 41);

(Dkt. No. 67); (Dkt. No. 75). On appeal, the Fifth Circuit vacated the judgment, concluding that the Second Amended Complaint had not set forth "viable theories of constitutional injury." *Morgan*, 969 F.3d at 241. Notably, the Fifth Circuit concluded the Fourth Amendment unreasonable search and seizure and Fourteenth Amendment due process claims were not futile and remanded to this Court to determine whether Morgan should be allowed to bring these claims in an amended complaint. *See id.* at 248–50. Morgan now seeks to bring these claims and filed his Motion and Proposed Complaint twenty-six days after the Fifth Circuit's judgment was filed in the Southern District of Texas. *Compare* (Dkt. No. 95) *with* (Dkt. No. 98).

Although this litigation has been ongoing since 2017, it is still in its early stages. No Party has moved for summary judgment. Morgan states that, although the "Parties have made disclosures," they "have not yet conducted discovery." (Dkt. No. 98 at 15). Neither Kopacz nor Chapman challenge this statement in their Responses. (Dkt. No. 101); (Dkt. No. 102). Because Morgan promptly moved for leave to amend in response to the Fifth Circuit's decision in *Morgan* and the litigation is still in its early stages, the Court finds there is no undue delay.

b. <u>Bad Faith</u>

For similar reasons, the Court finds that Morgan's Motion and Proposed Complaint are not the products of bad faith. A court may find bad faith when a plaintiff is aware of "facts and fail[s] to include them in [a previous version of the] complaint," which "might give rise to the inference that the plaintiff was engaging in tactical maneuvers to force the court to consider various theories seriatim." *Dussouy v. Gulf Coast*

*Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981). In such circumstances, "where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." *Id.* Conversely, "where the failure to include in the complaint a known theory of the case arises not from an attempt to gain tactical advantages but from a reasonable belief that the theory is unnecessary to the case, denial of leave to amend is inappropriate." *Id.* Bad faith may also be present if it is apparent that a plaintiff is seeking leave to amend to evade summary judgment, defeat federal jurisdiction, or forum shop. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993); *Bouie v. Equistar Chems. LP*, 188 F. App'x 233, 238–39 (5th Cir. 2006) (per curiam)("district court properly found . . . bad faith" when the plaintiff "requested leave to amend his complaint in order to retract his federal claims" because his "intention was to defeat federal jurisdiction"); *VTX Commc'ns, LLC v. AT&T Inc.*, No. 7:19-CV-269, 2020 WL 918670, at *6 (S.D. Tex. Feb. 26, 2020).

Kopacz and Chapman offer no argument or reason for this Court to find Morgan seeks leave to amend in bad faith. Indeed, the procedural history of this case demonstrates to the contrary. The claims set forth in the Proposed Complaint are predicated on the same alleged improper conduct of Kopacz and Chapman. As discussed previously, the starkest changes Morgan makes in his Proposed Complaint are to his legal theories. These changes by themselves are not grounds for dismissal, *Mayeaux*, 376 F.3d at 427, and a plaintiff is generally permitted to make them in an amended complaint. *See McCarty*, 2017 WL 10153538, at *2; *Garza*, 2014 WL 12599350, at *5; *Rangel*, 2011 WL

13353220, at *1–2; *Valdez*, 2010 WL 11665010, at *4–5. For these reasons, the Court finds that Morgan is not seeking leave to amend in bad faith.

c. Repeated Failure to Cure Deficiencies

The Court also finds that the Motion and Proposed Complaint are not the result of Morgan's repeated failure to cure deficiencies with previous amendments. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006). The Fifth Circuit's decision in *Morgan* is the first time a court concluded Morgan's claims were legally insufficient. And, in response to the Fifth Circuit's decision, Morgan seeks leave to amend his Second Amended Complaint. Thus, the Court is not convinced Morgan's Motion should be denied for repeatedly failing to cure deficiencies in prior amendments.[9]

d. Undue Prejudice to Kopacz and Chapman

The Court next considers whether Kopacz and Chapman would suffer undue prejudice by granting Morgan leave to amend. Applying the rule set forth in *Mayeaux*, the Court finds they would not. *See Mayeaux*, 376 F.3d at 427.

As described in the Court's analysis concerning waiver and forfeiture above, the amendments pertaining to the Fourth Amendment claims are merely alternative legal theories based on the same underlying facts set forth in the Operative Complaint. This is also true of Morgan's Fourteenth Amendment due process claim against Chapman in his

---

[9] Chapman argues that this Court should deny leave to amend because a district court stated, after granting Morgan leave to file his Second Amended Complaint, "that's the last Complaint or amendment of pleadings he can file," and that he could add "[n]o more new causes of action [and] no more parties." (Dkt. No. 102 at 9); (Dkt. No. 102-1 at 19). Morgan's counsel agreed. (Dkt. No. 10-1 at 19). The Court finds this argument unpersuasive because, subsequent to this exchange, the Fifth Circuit remanded the case for this Court to independently determine whether granting leave to amend is appropriate.

Proposed Complaint.[10] Indeed, this claim is premised on Chapman's alleged fabrication of evidence that led to his prosecution. (Dkt. No. 98-1 at ¶¶ 124–38). Morgan alleged that Chapman fabricated evidence in the prior Complaint in support of his malicious prosecution and abuse of process claims. (Dkt. No. 63 at ¶¶ 67–69, 104, 120). Thus, Chapman should have known she would need to mount a defense against this allegation before seeing the Proposed Complaint. In his Proposed Complaint, Morgan merely makes this allegation in support of a new legal theory—that Chapman violated his right to due process under the Fourteenth Amendment—and expands upon this allegation. (Dkt. No. 98-1 at ¶¶ 124–38). For these reasons, the Court finds that Kopacz and Chapman will not suffer undue prejudice if Morgan is granted leave to amend.

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Morgan's Motion. The Court **ORDERS** Morgan to file a Third Amended Complaint that complies with this Order by October 15, 2021.[11]

It is SO ORDERED.

---

10 With respect to Morgan's Fourteenth Amendment claim, the Fifth Circuit stated the "Defendants had no notice of a due process claim. But the district court is in the best position to determine whether Morgan should be allowed to amend at this juncture." *Morgan*, 969 F.3d at 250 n.8. Whether Morgan should be granted leave to amend to include this claim in a Third Amended Complaint is a "question [the Fifth Circuit left] for [this] [C]ourt." *Id.*

11 *See supra* note 3.

Signed on September 29, 2021.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**