United States District Court
Southern District of Texas

**ENTERED**

May 13, 2025

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **COURTNEY MORGAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:17-CV-00004** |
| | § | |
| **MARY CHAPMAN and** | § | |
| **JOHN KOPACZ,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the March 5, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Julie K. Hampton. (Dkt. No. 180). In this lawsuit, Plaintiff Courtney Morgan brings civil-rights claims against Defendants Mary Chapman and John Kopacz under 42 U.S.C. § 1983, alleging violations of his constitutional rights during a search of his medical clinic. (*See id.* at 1–6). Judge Hampton made findings and conclusions and recommended that Defendants' Motions for Summary Judgment, (Dkt. Nos. 151, 167), be granted because both Defendants are entitled to qualified immunity on Morgan's claims. (Dkt. No. 180 at 28–29).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On April 24, 2025, Morgan filed his objections to the M&R. (Dkt. No. 186). On May 6, 2025, Chapman responded. (Dkt. No. 187). In accordance with 28 U.S.C. § 636(b)(1)(C), the Court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed

findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see* Fed. R. Civ. P. 72(b)(3).

## I.    OBJECTIONS AND RESPONSE

Morgan did not respond to either of the summary-judgment motions addressed in Judge Hampton's M&R. (Dkt. No. 180 at 1). After Judge Hampton issued her M&R on March 5, 2025, Morgan filed a motion seeking permission to file out-of-time responses to the summary-judgment motions. (Dkt. No. 181). Judge Hampton denied this motion on April 10, 2025, finding that Morgan had not shown excusable neglect for his extended delay in responding to the motions. (Dkt. No. 185 at 8–13). Judge Hampton did, however, grant Morgan an extension to file objections to the M&R, which resulted in the objections now before this Court. (Dkt. No. 185 at 13). Along with his objections, Morgan presents additional evidence that he wishes the Court to consider under Rule 72(b)(3) of the Federal Rules of Civil Procedure. (Dkt. Nos. 186-1–186-16).

### A.    MORGAN'S OBJECTIONS

Morgan raises four main objections to the M&R, each of which turns on his more basic objection that summary judgment is inappropriate because disputed issues of material fact exist. (Dkt. No. 186 at 16). First, Morgan objects that the M&R overlooked evidence that the search of his clinic was pretextual for a criminal investigatory purpose, which would negate qualified immunity. (*Id.* at 16–19). Second, he argues that both Chapman and Kopacz engaged in wrongdoing connected with their investigation, including concealing exculpatory information about Morgan. (*Id.* at 16, 20–23). Third,

2

Morgan contends that the Defendants did not act independently but collaborated before, during, and after the search, contrary to their assertions. (*Id.* at 16, 19). Fourth, Morgan argues that the search itself was unreasonably executed, exceeding any legitimate administrative purpose. (*Id.* at 16, 23–25).

Morgan also argues that collateral estoppel should apply based on prior state-court findings. (*Id.* at 17–18). Morgan further contends that well-settled law recognizes that government officials may not enter a private business by subpoena without providing an opportunity for pre-compliance review. (*Id.* at 19–20). Finally, Morgan asserts that qualified immunity is inapplicable when officials prepare and submit false or misleading reports, as is alleged in this case. (*Id.* at 20–21).

### B. CHAPMAN'S RESPONSE

Chapman raises several procedural counterpoints to Morgan's objections. First, she contends that Morgan's failure to respond to her summary-judgment motion precludes him from raising these issues now. (Dkt. No. 187 at 6–7). Chapman argues that Morgan cannot raise new claims and issues for the first time in objections to the M&R when he failed to respond to the underlying motions. (*Id.*). Second, Chapman contends that the relevant factors do not support accepting Morgan's new evidence. (*Id.* at 3–4). Third, Chapman argues that, because Morgan failed to identify specific findings or conclusions in the M&R to which he objects, the Court should apply a plain-error standard rather than de novo review. (*Id.* at 4–5).

On the merits, Chapman contends that Morgan has failed to show a genuine dispute of material fact that would preclude summary judgment. (*Id.* at 5–9). She argues

that Morgan improperly ignores evidence that Chapman had the "denominator" needed to calculate prescription percentages and that two independent physicians reached the same conclusions she did about Morgan's practice. (*Id.* at 6–8). Chapman also argues that collateral estoppel does not apply because she was not a party to the prior state-court proceedings. (*Id.* at 9). Finally, Chapman contends that Morgan's new evidence, even if properly offered under Rule 72(b)(3), is substantively inadmissible and should be stricken. (*Id.* at 9–11).

## II.    DISCUSSION

### A.    WAIVER AND NEW EVIDENCE

First, the Court agrees that Morgan's objections are waived and that the relevant factors do not support accepting Morgan's new evidence. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not property before the district court." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *see also Firefighters' Ret. Sys. v. EisnerAmper, LLP*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their [legal] argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."); *Cooper v. City of Dallas*, 402 F.App'x 891, 892 n.1 (5th Cir. 2010) (per curiam) ("Because [a party's argument] was not properly presented to the magistrate judge, we cannot address it here."); *Cornett v. Astrue*, 261 F.App'x 644, 650 (5th Cir. 2008) (per curiam) ("[Plaintiff] did not present his legal impediments arguments to the magistrate judge and, therefore, is not entitled to raise them on appeal."). Morgan had ample opportunity to respond to both summary-judgment motions but failed to do so, and Judge Hampton already denied his request for leave to file untimely responses after

4

finding that Morgan had not shown excusable neglect.  (Dkt. No. 185 at 8–13).  Morgan cannot now circumvent that ruling by presenting entirely new arguments and evidence in his objections to the M&R, especially when those arguments and supporting evidence could have been presented to Judge Hampton during the ordinary course of summary-judgment briefing. To allow Morgan to raise these issues now would effectively permit an end-run around both the summary-judgment deadlines and Judge Hampton's considered ruling denying leave to file late responses.

What's more, the "district judge *may* . . . receive further evidence" only when a party has "*properly* objected to" the M&R.  Fed. R. Civ. P. 72(b)(3) (emphasis added). Making this determination is a matter of discretion.  *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 854 (5th Cir. 2003) ("A district court's denial of a motion to supplement the record after a magistrate judge recommended granting or denying summary judgment is reviewed for an abuse of discretion.").  District courts consider "(1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted."  *Id.* at 862.

These factors weigh against accepting Morgan's new evidence.  First, as Judge Hampton concluded, "Morgan has not proffered a satisfactory reason outside of his control for his extended, repeated failure to stay updated on the status of the case or to recognize the deadlines imposed by the court."  (Dkt. No. 185 at 11).  Second, while

Morgan claims the evidence is important to his case, this consideration is outweighed by the other factors. (Dkt. No. 186 at 1). Third, the evidence Morgan seeks to introduce was previously available to him. (Dkt. No. 187 at 4). Fourth, allowing Morgan to introduce this evidence would unfairly prejudice the Defendants, who would be forced to address new arguments and evidence after the M&R has already been issued. (Dkt. No. 187 at 4). The Court thus finds that the relevant factors do not support accepting Morgan's new evidence.[1]

### B.    QUALIFIED IMMUNITY

The Court also finds that Judge Hampton correctly determined that both Chapman and Kopacz are entitled to qualified immunity. (Dkt. No. 180 at 16–19, 25–28). The Fifth Circuit held in 2019 that, while "on-demand searches of [pain-management] clinics violate the constitution when the statutory scheme authorizing the search fails to provide sufficient constraints on the discretion of the inspecting officers," the law on this issue "was not clearly established." *Zadeh v. Robinson*, 928 F.3d 457, 468–70 (5th Cir. 2019). The search here happened in 2013. (Dkt. No. 180 at 3). The Court also agrees with Judge Hampton's determination that Morgan has not established—as to either Defendant—that the search was "solely to uncover evidence of criminality," as required to show pretext. (*Id.* at 27) (quoting *Zadeh*, 928 F.3d at 471–72). Finally, the Court agrees that the evidence

---

[1]    The Court also agrees with Chapman that Morgan's evidence, even if considered, does not raise a genuine fact issue about whether Chapman was entitled to qualified immunity. (Dkt. No. 187 at 9–12).

does not show that Kopacz's role in the search violated the Fourth Amendment and that, in any event, the law was not clearly established at the time. (*Id.* at 17–19).

## III.   CONCLUSION

In sum, the Court has carefully considered de novo those portions of the M&R to which objections have been made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. The Court agrees with the objected-to portions of the M&R and finds no error in the remaining portions. The Court thus accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)    Judge Hampton's M&R, (Dkt. No. 180), is **ACCEPTED** and **ADOPTED** in its entirety as the opinion of the Court;

(2)    Kopacz's Motion for Summary Judgment, (Dkt. No. 151), is **GRANTED**; and

(3)    Chapman's Motion for Summary Judgment, (Dkt. No. 167), is **GRANTED**.

The Court will enter a separate final judgment.

It is SO ORDERED.

Signed on May 13, 2025.

_Drew B Tipton_
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**